CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 9, 2013

LETTER TO COUNSEL

      RE:      *Marilyn Louise Hollomond v. Commissioner of Social Security*;
                Civil No. SAG-12-3093

Dear Counsel:

      On October 19, 2012, claimant Marilyn Louise Hollomond petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Hollomond's reply. (ECF Nos. 15, 16, 17). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Hollomond filed her claim for benefits on April 9, 2009, alleging disability beginning January 1, 2004. (Tr. 152-58). Her claims were denied initially on October 23, 2009, and on reconsideration on November 29, 2010. (Tr. 83-90, 95-98). On December 6, 2011, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 38-70). On April 27, 2012, the ALJ issued an opinion denying benefits. (Tr. 17-37). The Appeals Council denied Ms. Hollomond's request for review, (Tr. 1-6), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Ms. Hollomond suffered from the severe impairments of an affective disorder, osteoarthritis, obesity, carpal tunnel syndrome, blood clots in her legs, and chronic bronchitis. (Tr. 22). Despite these impairments, the ALJ found that Ms. Hollomond had retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant has the residual functional capacity to climb, balance, and stoop. She is not able to kneel. She is able to perform tasks requiring frequent grasping and fine manipulation. The claimant must avoid exposure to temperature extremes, fumes, odors, dust, and poor ventilation. She must avoid hazards, including unprotected heights and moving machinery. She is able to understand, remember, and carry out routine instructions. She will experience occasional lapses in ability to maintain attention and concentration due to depressive symptoms.

(Tr. 27). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Hollomond could perform work existing in the local and national economy, and that she therefore was not disabled. (Tr. 31-32).

Ms. Hollomond makes three arguments in support of her appeal: (1) that the ALJ failed to apply the special technique required to evaluate mental impairments; (2) that the ALJ failed to assign sufficient weight to the opinion of her treating physician, Dr. Shaukat; and (3) that the ALJ erroneously made an adverse credibility assessment. While Ms. Hollomond's latter two arguments lack merit, I agree that the ALJ failed to provide sufficient explanation regarding her application of the special technique. For that reason, remand is warranted.

Beginning with the latter two arguments, Ms. Hollomond's contention that the ALJ failed to assign sufficient weight to the opinion of her treating physician is flawed. The ALJ reviewed and summarized Dr. Syed Shaukat's one-time treatment report. (Tr. 24). Ms. Hollomond specifically asserts that the ALJ did not assign proper weight to Dr. Shaukat's opinion regarding her ability to grasp and manipulate items. Pl. Mot. 11-12. However, the ALJ cited to substantial evidence supporting her conclusion that Ms. Hollomond was capable of performing those tasks frequently, namely the mild findings on electrodiagnostic testing, (Tr. 29-30) (citing Tr. 350), and the opinion of treating physician Dr. Ashley Willis, (Tr. 30) (citing Tr. 354-57, 363-66).

The ALJ also provided sufficient support for her adverse credibility finding. Ms. Hollomond posits that the ALJ relied exclusively on her activities of daily living. Pl. Mot. 12-13. However, the ALJ also cited to Dr. Willis's opinion that Ms. Hollomond was capable of sedentary jobs (Tr. 30), and the relatively minimal findings on various objective tests. (Tr. 29-30). Remand is therefore unwarranted on that basis.

The ALJ failed, however, to apply the required "special technique" for evaluating the severity of mental impairments and whether an impairment meets or medically equals a listing. That technique is set forth in 20 C.F.R. § 404.1520a; *Rabbers v. Comm'r of the Soc. Sec. Admin.*, 582 F.3d 647, 652-54 (6th Cir. 2009); *Kohler v. Astrue,* 546 F.3d 260, 265-66 (2d Cir. 2008) (citing *Schmidt v. Astrue,* 496 F.3d 833, 844 n.4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* § 404.1520a(b)(2), 404.1520a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(4).

Although the ALJ outlined the special technique, absolutely no analysis was provided. The ALJ simply stated the degree of functional limitation in each area, with no citation to the evidence of record or explanation of the reasons for the finding. (Tr. 26). Moreover, the remainder of the opinion contains no discussion of Ms. Hollomond's ability to engage in social functioning or to concentrate on tasks. In light of the complete failure of explanation, remand is

*Marilyn Louise Hollomond v. Commissioner of Social Security*
Civil No. SAG-12-3093
July 9, 2013
Page 3

warranted for an adequate application of the special technique. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Hollomond is not entitled to benefits is correct or incorrect.

      For the reasons set forth herein, Ms. Hollomond's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 16) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                      Sincerely yours,

                                      /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge